UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DAVIE SIMMONS, DWIGHT
REDLEY, DERRICK AMOS,
LATANYA PIERCE, 559 ST. JOHN'S
PL LLC, KARL TERRY, JOHN AND
JANE DOE 1 THRU 50,

      Plaintiffs,

  -against-                    **MEMORANDUM AND ORDER**
                                  Case No. 19-CV-3316 (FB) (ST)
ALEXANDER REICH, NECHADIM
CORP., TEVES REALTY, INC.,
HAROLD SCHWARZ, SEARLE
SELMON, SOLOMON
ROSENGARTEN, ALAN
WOHLBERG, YELADIM LLC, JOHN
DOE, JANE DOE 1 THRU 10,

      Defendants.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

      The plaintiffs in this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") claim that the defendants engaged in fraudulent and otherwise unlawful lending practices. Defendant Alexander Reich obtained a judgment of foreclosure against plaintiff Dwight Redley in 2011. The property is scheduled to be sold on September 19, 2019.

      Redley seeks a temporary restraining order and preliminary injunction staying the foreclosure sale on the ground that the mortgage on the property was procured

through the unlawful practices alleged in the complaint. Having read the parties' papers and heard oral argument on September 17, 2019, the Court denies Redley's request for the following reasons.

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). In *Vossbrinck*, the Second Circuit held that the doctrine barred a claim for the return of foreclosed property because it "invite[d] review and rejection of the state [foreclosure] judgment." *Id.* at 427 (alterations and internal quotation marks omitted). Although Redley seeks only a temporary stay of the foreclosure sale, there is still no way to grant his request without rejecting the state-court judgment authorizing it. *See Jing Chun Wu v. LeVine*, 314 F. App'x 376, 377 (2d Cir. 2009) (holding that request to stay foreclosure sale "in effect request[ed] that the district court overturn the state court's judgment of foreclosure.").

Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." None of the statutory

exceptions applies to a foreclosure sale. *See Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972). It does not matter that Redley is not seeking to stay a pending proceeding because the prohibition "cannot be evaded by addressing the [injunction] to the parties *or prohibiting utilization of the results of a completed state proceeding.*" *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) (emphasis added).

The Court's ruling on Redley's request for a stay does not mean that he and the other plaintiffs cannot recover damages if they succeed on their RICO claims. Nor does it prevent Redley from seeking relief from the foreclosure sale in state court. Nor, finally, does it preclude Reich and Redley from once again reaching a mutually agreeable accommodation, as they have apparently been able to do for the last eight years.

**SO ORDERED**.

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 18, 2019

3